IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE AVELLA AREA SCHOOL DISTRICT, )<br>THE AVELLA AREA SCHOOL DISTRICT )<br>BOARD OF EDUCATION, and )<br>MICHAEL YANOSKO, )<br>)<br>Defendants. ) | 02: 05cv1344 |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE (sic) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, with brief in support, filed by Defendants The Avella Area School District, The Avella Area School District Board of Education, and Michael Yanosko *(Document Nos. 9, 10, and 15, respectively)* and the RESPONSE IN OPPOSITION, with brief in support, filed by Plaintiff, Paulette Graham (*Document Nos. 13 and 14, respectively*).  The matter has been fully briefed by the parties and is ripe for disposition.  For the reasons that follow, the Motion to Dismiss filed by Defendants will be granted in part and denied part.

BACKGROUND

On September 27, 2005, Plaintiff Paulette Graham ("Plaintiff") filed this lawsuit in which she alleges that her former employer, The Avella Area School District ("School District"), and the Avella Area School District Board of Education ("Board of Education") discriminated against her based on her gender and age, that these Defendants retaliated against

her when she made complaints of gender / age discrimination, and that Board Member Michael Yanosko defamed her by publicly commenting on her incompetency, her alleged misuse or theft of School District funds, and an alleged sexual affair that Plaintiff had with another District Administrator.

In Count I of her Complaint, Plaintiff alleges that the School District and the Board of Education discriminated and/or harassed her in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

In Count II of her Complaint, Plaintiff alleges that all the Defendants "[b]eginning in November of 2000 and continuing to the present, . . ., intentionally created a hostile work environment and intentionally harassed and discriminated against Plaintiff because of her sex/gender, age, and in retaliation for her complaining about the unlawful treatment" in violation of 42 U.S.C. §§ 1983, 1985, and 1986.  Complaint at ¶ 19.

In Count III of her Complaint, Plaintiff alleges that all the Defendants "engaged in unlawful employment practices . . . in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq." ("PHRA").  Complaint at ¶ 33.

In Count IV of her Complaint, Plaintiff alleges that defendant Michael Yanosko ("Yanosko") violated the PHRA by aiding and abetting in the discriminatory practices of the School District and in Count V, Plaintiff alleges a common law defamation claim against defendant Yanosko.

As noted above, Defendants have filed a Motion to Dismiss.  The request of Defendants School District and Board of Education is limited to Plaintiff's allegations brought against them

under Title VII, the ADEA, and the PHRA.  (Counts I and III).  The request of Yanosko is limited to the allegations brought against him under the PHRA (Counts III and IV) and the claim for state law defamation (Count V).

## STANDARD OF REVIEW

When considering a motion to dismiss the court accepts as true all well pleaded allegations of fact.  *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff.  *Id.*  The complaint will be dismissed only if there is "no set of facts" which would entitled the plaintiff to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See* Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir.1999).  However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.  *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  Under this standard, administrative filings, such as the record

of the case before the Equal Employment Opportunity Commission ("EEOC"), may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.,* 998 F.2d at 1196-97; *Arizmendi v. Lawson,* 914 F. Supp. 1157, 1160-61 (E.D. Pa.1996).

Attached to the motion to dismiss filed by Defendants are copies of a number of documents from the files of the Equal Employment Opportunity Commission ("EEOC") with regard to the administrative complaint filed by Plaintiff. Because these documents are referenced in the Complaint and are essential to Plaintiff's claim, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Ben. Guar. Corp.,* 998 F.2d at 1196-97.

## DISCUSSION

A.   *Claims under Title VII, the ADEA, and the PHRA*

Defendants contend that Plaintiff's claims are untimely and seek dismissal of these claims based on the Plaintiff's alleged failure to exhaust administrative remedies. Absent a showing of equitable tolling, a plaintiff must exhaust her administrative remedies in a timely manner before a federal court may consider her claims under any state or federal anti-discrimination statute. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); 43 Pa. C. S. § 962(c); *Burgh v. Borough Council of Borough Montrose*, 251 F.3d 465, 469-71 (3d Cir. 2001).

Since Pennsylvania is a deferral state, federal charges must be filed with the EEOC within 300 days of the last date of the alleged discrimination. *Colgan v. Fisher Scientific Company*, 935 F.2d 1407, 1414-15 (3d Cir.), *cert. denied*, 502 U.S. 941 (1991). All charges

under the PHRA must be filed with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the last date of the alleged discrimination. 43 Pa. C.S.A. §§ 959(a)(h), 962. However, even if the complainant files a timely charge with the EEOC, but the charge is filed beyond the 180-day deadline under the PHRA, the claim under the PHRA is not preserved. *See Zysk v. FFE Minerals USA Inc.*, 225 F. Supp. 2d 492-93 (E.D. Pa. 2001); *Sharp v. BW/IP International, Inc.*, 991 F. Supp. 451, 455-58 (E.D. Pa. 1998); *Vincent v. Fuller Co.*, 616 A.2d 969, 974 (Pa. 1992).

In her Complaint, Plaintiff alleges that she was "constructively discharged" and "forced to resign" on April 21, 2004. Complaint at ¶ 11(L) and (M). The record reflects that Plaintiff filed her Charge of Discrimination with the EEOC on April 25, 2005, over a year after she tendered her resignation. The Court finds that Plaintiff also filed her Charge with the PHRC on April 25, 2005, as she requested the EEOC to dual file her discrimination Charge with the PHRC. Def's Mot., Exhs. 1 and 2.

The EEOC dismissed Plaintiff's charges on June 30, 2005, because Plaintiff's "charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Def's Mot. to Dismiss, Exhibit 3, Dismissal and Notice of Rights.

Defendants argue that the statutory time period in a "constructive discharge" claim begins to run from the date the employee gives definite notice of an intention to retire or resign. Therefore, in this matter, the statutory time period would begin to run on April 21, 2004, the day Plaintiff gave notice of her intention to retire. Plaintiff did not file her Charge of Discrimination until April 25, 2005 - clearly more than 300 days after the date she tendered her resignation.

According to Defendants, Plaintiff has not exhausted the required administrative remedies and, thus, the claims which she brought under Title VII, the ADEA, and the PHRA should be dismissed.

Plaintiff contends that she timely exhausted her administrative remedies because the statutory time period on a constructive discharge claim begins to run on the last day of Plaintiff's work, or in this case June 30, 2004.

The parties have not relied upon, nor has the Court through its independent research found, any case directly on point in the Third Circuit. However, the Court of Appeals for the Second Circuit and several district courts have found that the date an employer's constructive discharge claim accrues, for the purposes of calculating the statute of limitations period, is the date the employee gives definite notice of his or her intention to retire or resign. *See Flaherty v. Metromail Corporation,* 235 F.3d 133, 138 (2d Cir. 2000); *Lewis v. Norfolk Southern Corp.*, 271 F. Supp.2d (E.D. Va. 2003); *Gerhart v. Boyertown Area School District,* 2002 WL 31999365 (E.D. Pa. March 4, 2002). *Accord Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104, 1110 (9th Cir. 1998).

The appellate court in *Flaherty*, stated as follows:

> We think that the date that Flaherty's claim accrued was the date when she gave definite notice of her intention to retire, and the rules should be the same in all cases of constructive discharge. This is essentially the converse of the discriminatory discharge case where the date that the employer gives notice of termination to the employee is controlling for purposes of accrual. In the case of constructive discharge, it is only the employee who can know when the atmosphere has been made so intolerable by the discrimination-motivated employer that the employee must leave.

*Flaherty,* 235 F.3d at 138.

In adopting the reasoning of the *Flaherty* court, the district court in *Gerhart*, held as follows:

> We agree with *Flaherty*, which explains, 'In the case of constructive discharge, it is only the employee who can know when the atmosphere has been made so intolerable by the discrimination-motivated employer that the employee must leave.' Plaintiff notified Defendant of her retirement on April 22, 1998, so this was the date on which the statutory period commenced with respect to her constructive discharge claim. Plaintiff seems to suggest that the date her retirement became effective, June 12, 1998, was the constructive discharge date, but this is clearly not the case under the Discovery Rule.[1]

*Gerhart,* 2002 WL 31999365 at *4 n.9.

The facts, issues, and arguments in *Flaherty* and *Gerhart* are virtually identical to those in this case in which Plaintiff gave her definite notice of retirement to Defendants on April 21, 2004; with her retirement to become effective June 30, 2004.

The Court agrees with the reasoning employed by the appellate court in *Flaherty* and by then-District Judge Franklin S. Van Antwerpen in *Gerhart*. Therefore, this Court finds and rules that the date on which Plaintiff's claims under Title VII, the ADEA, and the PHRA accrued is the date Plaintiff gave definite notice of her intention to retire, *i.e,* April 21, 2004.

Accordingly, from the face of the Complaint and the EEOC Charge of Discrimination, the Court finds and rules that Plaintiff's claims under Title VII and the ADEA are time barred and will be dismissed.

---

[1] *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 (3d Cir. 1994) ("As a general rule, the statute of limitations begins to run when the plaintiff's cause of action accrues . . . . The accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff discovers that he or she has been injured.")

As to Plaintiff's PHRA claims, the result is no different if the claims accrued on April 21, 2004, or June 30, 2004.  It is undeniable that Plaintiff filed her administrative complaint on April 25, 2005, clearly outside the PHRA's 180-day statute of limitations.  Hence, Plaintiff's state PHRA claims also will be dismissed.

B.     ***Claims Against Michael Yanosko for Defamation***

In Count V of her Complaint, Plaintiff alleges that Defendant Yanosko published false accusations that Plaintiff "was having a sexual affair with another administrator Dan Cecchini;" accused Plaintiff of "theft of school district funds, deception, conspiracy and covering up the crime, . . . and declared that Plaintiff was completely incompetent."

Defendant contends that "[a]s a Board Director for the Avella Area School District, Mr. Janosko is a 'high public official' entitled to absolute immunity from tort-based lawsuits." Defs' Mot. at ¶ 13.  Plaintiff counters that she has a valid defamation claim because Yanosko's "defamatory accusations went way beyond the course and scope of his official duties, and continued long after Plaintiff's employment with the school district ended."

"An official's status as a high public official for purposes of absolute immunity is determined on a case-by-case basis, and depends on the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions." *Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp.2d 468, 479 (M.D. Pa. 2002) (quotation omitted).  However, high public officials are entitled to absolute immunity from state law suits only when acting in their official capacities. *Zugarek*, 214 F. Supp. 2d at 479 (internal citations omitted).

School board members, "entrusted with a policymaking role for the School District, are high public officials entitled to absolute immunity from state law suits when acting in their official capacities." *Zugarek*, 214 F. Supp.2d at 479 (*citing Jackson v. Coatesville Area Sch. Dist.*, 2000 WL 1185375, at *9 (E.D. Pa. Aug.21, 2000) (*citing Matta v. Burton*, 721 A.2d 1164, 1166 (Pa. Commw. Ct. 1998)).

Notwithstanding the absolute immunity of high public officials under Pennsylvania law from civil suits for damages arising out of defamatory statements, the Court finds that Plaintiff may be able to prove facts which establish that Defendant Yanosko is not entitled to claim immunity because his actions were beyond his official authority. For example, Plaintiff contends that Defendant Yanosko "on several occasions, falsely accused Plaintiff of having an illicit sexual affair with a former principal" and "the defamation continued long after Plaintiff's last day of work." Pl's Resp. in Opp'n at 5. Therefore, Defendants' motion to dismiss Count V will be denied.

## Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Defendants Avella School District, Avella Area School District Board of Education, and Michael Yanosko will be granted in part and denied part.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE GRAHAM,                )<br>                                                       )<br>            Plaintiff,                          )<br>                                                       )<br>       v.                                          )<br>                                                       )<br>THE AVELLA AREA SCHOOL DISTRICT, )<br>THE AVELLA AREA SCHOOL DISTRICT  )<br>BOARD OF EDUCATION, and          )<br>MICHAEL YANOSKO,                 )<br>                                                       )<br>            Defendants.                     ) | 02: 05cv1344 |

## ORDER OF COURT

**AND NOW**, this 14th day of June, 2006, in accordance with the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss filed by Defendants is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' Motion is **GRANTED** as to Counts I, III, and IV of Plaintiff's Complaint and these counts are dismissed without prejudice in their entirety; and

2. Defendants' Motion is **DENIED** as to Count V of Plaintiff's Complaint.

It is further **ORDERED** that Defendants shall file an Answer to the Complaint on or before **June 26, 2006.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Lois E. Glanby, Esquire
Email: attorneyglanby@aol.com

Alfred C. Maiello, Esquire
Maiello, Brungo & Maiello
Email: acm@mbm-law.net

Gregory C. Melucci, Esquire
Maiello, Brungo & Maiello
Email: gcm@mbm-law.net